IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**May 1, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**ROBERT D. BENDER,**
**Claimant Below, Petitioner**

**vs.) No. 22-ICA-309**       (JCN: 990008539)

**WVSR, INC.,**
**Employer Below, Respondent**

**and**

**WEST VIRGINIA OFFICES OF THE INSURANCE COMMISSIONER, in its**
**capacity as administrator of the Old Fund, Respondent**

### MEMORANDUM DECISION

Petitioner Robert D. Bender appeals the November 17, 2022, order of the Workers' Compensation Board of Review ("Board"). Respondent WVSR, Inc. ("WVSR") did not file a response. Respondent West Virginia Offices of the Insurance Commissioner, in its capacity as administrator of the Old Fund ("Old Fund") filed a timely response.[1] Mr. Bender did not file a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which denied Mr. Bender's authorization for a replacement prosthetic leg.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the Board's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the Board's decision is reversed, and this case is remanded for further proceedings consistent with this decision.

Mr. Bender suffered a compensable workplace injury on June 8, 1998, while employed by WVSR. Mr. Bender's injury ultimately resulted in the amputation of his right leg. Mr. Bender received a prosthetic leg that was paid for by his workers' compensation

---

[1] Mr. Bender is represented by J. Thomas Greene, Jr., Esq. and T. Colin Greene, Esq. Old Fund is represented by Melissa Stickler, Esq.

1

benefits. Since 1998, Mr. Bender's prosthesis maintenance and all replacement prosthetic legs have been covered by workers' compensation benefits.

On April 22, 2021, Mr. Bender was involved in a non-work-related car accident, and he suffered a noncompensable back injury. Mr. Bender's "LINK" prosthesis stopped working in September of 2021, five months after the accident.

Mr. Bender went to Anatomical Designs, Inc. ("ADI") to obtain a new prosthesis. Shandon M. Hime, CPO FAAOP, a prosthetist with ADI, determined that Mr. Bender's "LINK" prosthesis failed due to general wear and routine use and opined the car accident did not affect the prosthesis. It was determined by ADI that the internal mechanisms failed, making the prosthesis unable to bend. The prosthesis was no longer under warranty at the time that it failed. Mr. Hime determined that Mr. Bender needed a new prosthesis. Mr. Bender, with the assistance of ADI, went through several trials to find a new prosthesis that would work for him. Mr. Bender ultimately found that the Rheo XC with Pivot Foot worked the best for him. Mr. Bender is currently using that model of prosthesis "on loan" from ADI.

On November 30, 2021, Mr. Bender was seen by Gary Barcinas, PA-C. Mr. Barcinas drafted a progress note indicating that Mr. Bender needed a new prosthesis. Mr. Barcinas mentioned that the new loaned prosthesis was helping with Mr. Bender's back pain and made it easier for him to walk because it was a functioning prosthesis, rather than his previous nonfunctioning prosthesis.

The claim administrator issued an order dated January 26, 2022, which denied Mr. Bender's request for a replacement prosthetic leg. The claim administrator found that the request was related to the noncompensable back injury following the car accident and not the compensable injury.

On November 17, 2022, the Board issued an order affirming the claim administrator's denial of authorization for a replacement prosthetic leg. The Board found that the prosthesis was intended to assist Mr. Bender with his back injury following a noncompensable car accident and not Mr. Bender's compensable condition.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:

(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty Comm'n*, 247 W. Va. 550, __, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Mr. Bender argues that under West Virginia Code § 23-4-3(d) (2005), the prosthesis must be replaced because it wore out with general use. Mr. Bender further argues that the car accident has no bearing on the prosthesis getting replaced as the accident did not affect the prosthesis and was not the reason for his request for a replacement prosthesis.

West Virginia Code § 23-4-3(d), provides:

The commission, successor to the commission, other private carrier or self-insured employer, whichever is applicable, **shall provide for the replacement of artificial limbs**, crutches, hearing aids, eyeglasses and all other mechanical appliances **provided in accordance with this section which later wear out**, or which later need to be refitted because of the progression of the injury which caused the devices to be originally furnished, or which are broken in the course of and as a result of the employee's employment. The commission, successor to the commission, other private carrier or self-insured employer shall pay for these devices, when needed, notwithstanding any time limits provided by law.

(Emphasis added).

The Board found that the reports from Mr. Barcinas and ADI indicate that Mr. Bender's request for a new prosthesis was related to the noncompensable car accident and back injury rather than his compensable injury. We disagree with the Board's findings. The reports from Mr. Barcinas and ADI do indicate that a new functioning prosthesis would be more beneficial after Mr. Bender's back injury than the malfunctioning prosthesis that limited Mr. Bender's ability to function. However, we find that those reports make clear the fact that a new prosthesis is being requested by Mr. Bender solely for the reason that his prosthesis stopped working due to general wear and routine use—not the car accident.

After review, we conclude that the Board was clearly wrong in its findings. Under West Virginia Code § 23-4-3(d), the prosthesis must be replaced. The Board did not find

3

that the car accident caused damage to the prosthesis or that Mr. Bender's back injury affected the use or longevity of the prosthesis in any way. Therefore, we do not find that there was any valid reason for the claim administrator or the Board to deny Mr. Bender a replacement prosthesis. We find that Mr. Bender requested a replacement prosthesis because his current one was not only worn out, but nonfunctional, and because he had lost weight, making his old prosthesis no longer fit securely. We further find that Mr. Bender's request was not related to his car accident or back injury. Therefore, Mr. Bender's request for a replacement prosthetic leg, specifically the Rheo XC with Pivot Foot model, is medically related and reasonably required as treatment of Mr. Bender's compensable injury.

Accordingly, we reverse and remand to the Board for further proceedings consistent with this decision.

Reversed and Remanded.

**ISSUED:** May 1, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen